UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRITTANY S. BAIER,

        Petitioner,

   v.                                        Case No. 21-cv-1067-bhl

JENNIFER MCDERMOTT, Warden,

        Respondent.

---

## ORDER DENYING § 2254 HABEAS PETITION

---

In 2017, a Milwaukee County jury found Petitioner Brittany Baier guilty of first-degree intentional homicide and being a felon in possession of a firearm. The day after the jury reached its verdict, the trial court contacted the parties and reported that multiple copies of a two-page document not provided by the Court had been found in the jury room after the trial was completed. Based on this information, Baier filed a motion for a new trial after which the trial court held an evidentiary hearing. Following the hearing, the court concluded that a new trial was not warranted, denied Baier's motion, and subsequently sentenced Baier to a mandatory term of life in prison for the homicide conviction. The Wisconsin Court of Appeals affirmed Baier's conviction, and the Wisconsin Supreme Court denied review. Baier then filed a petition in this Court for a writ of habeas corpus under 28 U.S.C. § 2254, contending that her right to an impartial jury was violated when the jurors considered the extraneous document. Because Baier has not established that she is entitled to habeas relief, her petition will be denied.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Baier was charged with first degree intentional homicide in violation of Wis. Stat. § 940.01(1)(a) and felon in possession of a gun in violation of Wis. Stat. § 941.29(1m)(a) for

---

[1] In deciding a habeas petition, the Court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears the burden to rebut that presumption by "clear and convincing evidence." *Id.* The statement of background facts is as set forth by the Wisconsin Court of Appeals in its decision affirming Baier's conviction. (ECF No. 17-2); *State v. Baier*, No. 2019AP389-CR, 2020 WL 2530947 (Wis. Ct. App. May 19, 2020) (unpublished disposition). Where the Court of Appeals' factual discussion is incomplete, the Court has augmented it by citing directly from the trial transcript.

killing her boyfriend, Terrance Tucker. (ECF No. 17-2 at 2.) Baier shot him in the back of his head two or three times while he was lying on a basement couch. (*Id.*) The case was tried to a jury with the primary issue being whether Baier had acted in self-defense. (*Id.*) Baier's defense included expert testimony on battered woman syndrome and a comparison of the characteristics of a battered woman to the characteristics observed in Baier. (ECF No. 17-9 at 56–88; ECF No. 17-10 at 12–101.) Baier's mother and grandmother testified about Tucker's abusive relationship with Baier. (ECF No. 17-11 at 15–22.) Baier also took the stand and explained the circumstances that prompted her to shoot Tucker. (ECF Nos. 17-11 at 35–93; ECF No. 17-12 at 6–38.) The trial court instructed the jury on both first-degree intentional homicide and second-degree intentional homicide, including the law related to self-defense. (ECF No. 17-2 at 3.) The jury found Baier guilty of first-degree intentional homicide and being a felon in possession of a firearm. (*Id.*)

The day after the jury delivered its verdict, the trial court contacted the parties regarding a two-page document entitled "Beyond Closed Doors A Guide for Jury Deliberations" ("Guide") that had been discovered in the jury room. (*Id.*) The document was originally developed by the American Judicature Society and the Wisconsin Chief Judges' Subcommittee on Juror Treatment and Selection later tailored the guide for use in Wisconsin Courts. (*Id.* at 4.) Baier moved for a new trial on the ground that the Guide constituted extraneous potentially prejudicial information. (*Id.*) Baier argued that the Guide did not disclose who had the burden of proof and left open the possibility that the jury might have concluded that the defense was required to prove that Baier acted in self-defense. (ECF No. 17-17 at 3–4.) The State contended that even if one assumed that some or all of the jurors reviewed the Guide during deliberations, nothing in the Guide was prejudicial. (*Id.* at 4.)

The trial court conducted an evidentiary hearing during which ten of the twelve jurors testified and, following the hearing, made factual findings consistent with the jurors' testimony. (ECF No. 17-2 at 4.) According to the trial court's findings, a juror brought the Guide into the jury room because, when the jury began considering the case on a Friday afternoon, the "deliberation was chaotic." (*Id.*) Over the weekend, the juror looked on the internet and found the Guide. (*Id.*) The juror gave the Guide to a courthouse staff person in Jury Management, who made copies, and those copies were then disseminated to the presiding juror and the other jurors. (*Id.*) The trial court found that after the document was shared, some jurors paid closer attention to it than others. (*Id.*) The discussion of the Guide "was relatively brief [and] lasted no longer than

15 minutes." (*Id.*)  The jurors continued their deliberations without additional discussion about the Guide. (*Id.* at 5.)

The trial court found that while the Guide constituted extraneous information and at least some of the jurors had reviewed it, Baier was not prejudiced. (*Id.*)  It therefore denied her motion for a new trial. (*Id.*)  On March 9, 2018, the court sentenced Baier to life in prison with eligibility to apply for extended supervision after 25 years on the homicide charge and to 15 months confinement to be followed by one year of extended supervision on the firearm charge consecutive to the sentence on the homicide. (ECF No. 17-21.)

Baier appealed and the Wisconsin Court of Appeals affirmed. (ECF No. 17-2 at 2.)  The court of appeals concluded that the trial court had followed the proper state law process under Wis. Stat. § 906.06(2) and *State v. Eison*, 194 Wis. 2d 160 (1995). (*Id.* at 4.)  In *Eison*, the Wisconsin Supreme Court held that when a defendant seeks to impeach a verdict under Section 906.02, the defendant must show "(1) that the juror's testimony concerns extraneous information (rather than the deliberative process of the jurors), (2) that the extraneous information was improperly brought to the jury's attention, and (3) that the extraneous information was potentially prejudicial." *Eison*, 195 Wis. 2d at 172.  Applying *Eison*, the court of appeals rejected Baier's argument that the Guide's lack of references to self-defense was prejudicial to her. (ECF No. 17-2 at 5–11.)  It declined to accept her contention that the absence of such references would lead a juror to believe that no consideration of defenses was needed. (*Id.* at 10.)  To accept that argument, "[t]he jury would have to completely ignore the trial court's detailed instructions about self-defense–the primary issue litigated in the case–to conclude that it should not consider self-defense." (*Id.*)  The court of appeals was also not persuaded "that the lack of a reference to the standard of proof would lead a hypothetical juror to believe there was no burden of proof, especially when the trial court gave the jury specific instructions about the burden of proof." (*Id.*)

Baier petitioned for Wisconsin Supreme Court review, but the Supreme Court denied her petition on September 16, 2020. (ECF No. 17-3 at 12.)  Baier did not file a petition for writ of certiorari with the United States Supreme Court.  On September 13, 2021, Baier filed a petition for writ of habeas corpus in this Court, claiming that the jury's review of the Guide deprived her of an impartial jury.[2] (ECF No. 1 at 7–8.)  The Court ordered Respondent to respond to the petition

---

[2] Baier's petition also claimed that her right to present a defense was violated by an order prohibiting certain expert testimony regarding battered woman syndrome. (ECF No. 1 at 6–7.)  Respondent moved to dismiss for failure to

and Respondent filed an answer. (ECF Nos. 16 & 17.) The parties have briefed the matter and, for the reasons set forth below, Baier is not entitled to habeas relief and her petition will be dismissed.

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits a federal court's ability to grant habeas corpus relief. With respect to a claim adjudicated on the merits in state court, a habeas petition can be granted only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted). It is intentionally very difficult to meet. *See Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013).

A state court decision is contrary to clearly established Federal law within the meaning of Section 2254(d)(1) if the state court "applies a rule different from the governing law set forth" by Supreme Court precedent or when the state court "decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). A state court decision involves an unreasonable application of established precedent within the meaning of Section 2254(d)(2) when the "state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). Under either prong, it is not enough that "a federal court believes the state court's determination was incorrect" or erroneous. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Rather, the state court's application of clearly established law must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014)). The Supreme Court has repeatedly explained that "a federal habeas court may overturn a state court's application of federal law only

---

exhaust, seeking a stay of the petition or deletion of Baier's unexhausted claim. (ECF Nos. 9 and 10.) Baier agreed to abandon her unexhausted claim. (ECF No. 14.) On July 20, 2022, the Court granted Respondent's motion to dismiss and dismissed the unexhausted claim. (ECF No. 16.)

if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents.'" *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

AEDPA's deferential standard applies to all claims that were "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). A federal court may not consider the merits of a habeas claim unless that federal constitutional claim has been fairly presented to the state courts through one complete round of review, either on direct appeal or through postconviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). "Fair presentment 'contemplates that both the operative facts and the controlling legal principle must be submitted to the state court.'" *Malone v. Wall*s, 538 F.3d 744, 753 (7th Cir. 2008) (quoting *Williams v. Washington*, 59 F.3d 673, 677 (7th Cir. 1995)). Failure to properly present the federal claim at each level of state court review results in procedural default, which can only be overcome if the petitioner demonstrates cause for and prejudice from the default, or a miscarriage of justice due to actual innocence. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

## ANALYSIS

On habeas, Baier raises one ground for relief: that the jury's review of the Guide prejudicially deprived her of an impartial jury. Because Baier cannot demonstrate that federal habeas relief is warranted on her claim, her petition will be denied.

I.      **Baier Fails to Show that the Wisconsin Court of Appeals Unreasonably Applied Federal Law in Denying Her Claim Alleging a Violation of her Right to an Impartial Jury.**

Baier claims that her basic right to an impartial jury was violated when a juror brought the Guide into the jury room during deliberation. (ECF No. 1 at 7.) While a defendant's right to be tried by a fair and impartial jury is guaranteed by the Fourth Amendment, "due process does not require a new trial every time a juror has been placed in a potentially compromising situation." *Smith v. Phillips*, 455 U.S. 209, 217 (1982). In most cases, the redress for assertions of jury bias is a hearing in which the defendant is afforded the chance to establish actual bias. *See id.* This is because "it is virtually impossible to shield jurors from every contract or influence that might theoretically affect their vote." *Id.*

In affirming the trial court, the court of appeals focused on whether the Guide's extraneous information was prejudicial to Baier. (ECF No. 17-2 at 5–6.) The court of appeals discussed *State v. Eison*, 194 Wis. 2d 160 (1995), the Wisconsin Supreme Court case that sets forth the factors for

a court to consider when determining whether extraneous information had a prejudicial effect. (*Id.* at 6.) "To determine the possibility of prejudice [a court] consider[s] factors such as the nature of the extraneous information, the circumstances under which it was brought to the jury's attention, the nature and character of the state's case and the defense presented at trial, and the connection between the extraneous information and a material issue in the case. *Eison*, 194 Wis. 2d at 179.

The court of appeals first noted that the trial court "recognized that the two-page Guide has 'eight sections' and refers jurors to the jury instructions on five occasions" and "that other suggestions in the Guide are consistent with specific jury instructions that were read to the jury, such as instructions about selecting the presiding juror." (ECF No. 17-2 at 7.) Regarding the circumstances under which the extraneous information was brought to the jury's attention, the trial court "found that the motive of the juror who brought the Guide 'into the jury room was not to define the law or not to tell the jurors what to do, but to create some organization to reduce the chaos that she and other jurors perceived had taken place on Friday.'" (*Id.*) This finding was not challenged on appeal, nor does Petitioner challenge it in her habeas petition. (*See* ECF No. 18.)

The appellate court also recognized that the case involved "complicated burdens of proof with respect to the State's burden and to disprove self[-]defense." (ECF No. 17-2 at 8.) As for the connection between the extraneous information and a material issue in the case, the appellate court noted that the trial court rejected Baier's argument that the Guide's suggestions could have led to confusion and cause the jurors to believe that Baier "had the burden to establish, beyond a reasonable doubt, that she acted in self[-]defense" when "[t]hat's not the burden." (*Id.*) The trial court reasoned that the Guide "refers the jury back to the instructions themselves and back to the elements read [and] defined in the instruction[s]." (*Id.* at 9.) The trial court concluded that "[t]here is not a direct connection between the substance of the Guide and the material issue." (*Id.*) The appellate court agreed with the trial court's determination that the jury's possession of the Guide did not have a prejudicial effect and concluded "that there is no reasonable possibility that the verdict of a hypothetical average jury would have been influenced by the extraneous information improperly brought to the jury's attention." (*Id.* at 11 (quoting *Eison*, 194 Wis. 2d at 181).)

The issue for habeas review is whether the court of appeals unreasonably applied federal law when it concluded that the extraneous information (the Guide) presented to the jurors was not prejudicial. Based on the record, there is no basis to conclude that the court of appeals' decision was objectively unreasonable. Baier fails to make any argument that the court of appeals' decision

is contrary to any United States Supreme Court case. (*See* ECF No. 18.) Baier instead asks the Court to conduct a *de novo* review of the merits; she fails to show that the state court's decision was "objectively unreasonable, not merely wrong." *See Woods*, 575 U.S. at 316 (2015) (quoting *White*, 572 U.S. at 419). This Court "cannot grant relief under AEDPA by conducting [its] own independent inquiry into whether the state court was correct as a *de novo* matter." *Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004). The Court also "may not issue the writ simply because [it] concludes in its independent judgment that the state-court decision applied [the law] incorrectly." *Id.* (alteration in original) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24–25 (2002)). Relief is available "only if the state court's decision is objectively unreasonable." *Id.* at 666–65 (citations omitted). As noted, the record supports the reasonability of the court of appeals' decision. The Court cannot conclude that the Wisconsin Court of Appeals' analysis was anything but reasonable. It certainly was not objectively unreasonable.

Baier also fails to make any argument that the trial court's findings, which she did not challenge on appeal and which the court of appeals adopted, were unreasonable. (*See* ECF No. 18.) "[F]ederal courts in [habeas] proceedings must not disturb the findings of state courts unless the federal habeas court articulates some basis for disarming the findings of the statutory presumption that they are correct and may be overcome only by convincing evidence." *Smith*, 455 U.S. at 218 (citing *Sumner v. Mata*, 449 U.S. 539, 551 (1981)). Nowhere does Baier contend that the state courts' findings were unreasonable.

In conclusion, the Wisconsin Court of Appeals did not unreasonably apply clearly established Supreme Court precedent in rejecting Baier's claim and Baier has not established that the state appellate court's decision was contrary to or involved an unreasonable application of Supreme Court law. And, because the record supports the state court's findings, Baier has not demonstrated that the decision involved an unreasonable determination of the facts. Accordingly, Baier's petition for writ habeas corpus is denied.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitution right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate (or for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further."
*Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and citation omitted).
The Court declines to issue a certificate of appealability because reasonable jurists could not debate
the Court's decision to deny the petition on the merits.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Baier's petition for a writ of habeas corpus, ECF No. 1,
is **DENIED with prejudice**, and the case is **DISMISSED**.  The Clerk of Court is directed to enter
judgment accordingly.

**IT IS FURTHER ORDERED** that because the Court does not find that a reasonable jurist
could conclude that the petition should have been resolved in a different manner, *Slack v.
McDaniel*, 529 U.S. 473, 483–84 (2000), a certificate of appealability **SHALL NOT ISSUE**

Dated at Milwaukee, Wisconsin on September 27, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge